IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MIGUEL RAMÓN RODRIGUEZ MUÑIZ;<br>WANDA ELENA RODRÍGUEZ DEL VALLE<br><br>Debtors | CASE NO. 08-01605 (MCF)<br><br>CHAPTER 7 |
| MIGUEL RAMÓN RODRÍGUEZ MUÑIZ;<br>WANDA ELENA RODRÍGUEZ DEL VALLE<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION AS RECEIVER FOR DORAL<br>BANK<br><br>Defendant | ADVERSARY CASE NO. 14-00189 |

**OPINION AND ORDER**

Plaintiffs Miguel Ramón Rodríguez Muñiz and Wanda Elena Rodríguez Del Valle (hereinafter "Plaintiffs") seek compensatory damages and attorney's fees against Defendant, the Federal Deposit Insurance Corporation, as receiver for Doral Bank (hereinafter, "FDIC") for violation of the discharge injunction.  Plaintiffs allege that Defendant violated the discharge injunction by filing a complaint in the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part (hereinafter the "Local Court"), by demanding payment from Plaintiffs in their personal capacity through a money collection action, and by sending a mortgage notification and account statements. (Docket No. 1, Exhibit 1; Docket No. 62). FDIC filed a Motion for Summary Judgment requesting dismissal of Plaintiffs' complaint alleging (1) that it did not violate the discharge injunction by enforcing its mortgage in the

Local Court and (2) the mailing of the mortgage notification and account statements are an exception to the discharge injunction, pursuant to 11 U.S.C. § 524(j). (Docket No. 57). In the alternative, FDIC seeks partial summary judgment dismissing punitive damages and attorney's fees because Plaintiffs' recovery is barred by federal law, pursuant to 12 U.S.C. § 1821(i).

## I. JURISDICTION

The Court has jurisdiction to hear this case, pursuant to 28 U.S.C. § 1334 and the general order of the United States District Court for the District of Puerto Rico dated July 19, 1984, which refers title 11 proceedings to the Bankruptcy Court. This is a core proceeding, pursuant to 28 U.S.C. § 157(b). The Court will only address herein the core proceeding of whether or not FDIC violated the discharge injunction under 11 U.S.C. § 524 or if its actions fall under an exception to the discharge injunction, pursuant to 11 U.S.C. § 524(j).

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Summary judgment is appropriate when the movant shows that there are no genuine disputes of material facts and consequently, the movant is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This matter is appropriate for summary judgment disposition as there are no material facts in dispute and it is a matter of law, pursuant to Fed. R. Civ. P. 56(c), as made applicable to these proceedings by virtue of Fed. R. Bankr. P. 7056. Celotex, 477 U.S. 317 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)); Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

When both parties move for summary judgment, each party must carry its own burden of proof as the moving party in its cross motion and as the nonmoving party in response to the other party's motion. Wells Real Estate Inv. Trust II, Inc., 615 F.3d 45, 51 (1st Cir. 2010).

2

If there are no disputed material facts, only one party is entitled to judgment as a matter of law.  In re Cousins Int'l Food Corp., 553 B.R. 197, 204–05 (Bankr. D.P.R. 2016), aff'd in part, Cousins Int'l Food, Corp., WL 1075044 (B.A.P. 1st Cir. Mar. 21, 2017).

### III.   UNDISPUTED MATERIAL FACTS

1.  On February 27, 2004, Plaintiffs subscribed a mortgage deed and mortgage note before a notary public in favor of Sana Investment Mortgage Bankers Inc., or its holder in the amount of $232,500.00.  (Docket No. 1, Part 3 Exhibit Complaint) (Docket No. 12, Answer to the Complaint).

2.  On March 17, 2008, Plaintiffs filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  (Docket No. 1, Main Document) (Docket No. 12, Answer to the Complaint).

3.  At the time of the Plaintiffs' bankruptcy, Doral Bank was the successor in interest to Sana Investment Mortgage Bankers, Inc., and current holder in due course of the mortgage note.  (Docket No. 1, Main Document) (Docket No. 12, Answer to the Complaint).

4.  Plaintiffs converted from Chapter 13 to Chapter 11 on January 13, 2009, and thereafter sought conversion from Chapter 11 to Chapter 7, which was granted on April 23, 2009. (Docket No. 1, Main Document) (Docket No. 12, Answer to the Complaint).

5.  On October 14, 2009, the Court entered the Order of Discharge.  (Docket No. 1, Main Document) (Docket No. 12, Answer to the Complaint).

6.  On January 25, 2012, Doral Bank filed a complaint against the Plaintiffs in the Local Court. (Docket No. 1, Main Document)  (Docket No. 12, Answer to the Complaint).

7.  Doral Bank sent Plaintiffs a mortgage notification on February 20, 2014.  (Docket No. 1, Main Document, Exhibit 4).

8.  On February 24, 2014, and on March 24, 2014, Doral Bank mailed Plaintiffs account statements. (Docket No. 1, Main Document, Exhibits 5 and 6) (Docket No. 58 at 4,

3

FDIC's Statement of Uncontested Facts) (Plaintiffs' response thereto, Docket No. 82-1 at 6).

9. On February 27, 2015, FDIC was appointed as Doral Bank's receiver and succeeded all rights as holder in due course of the mortgage note. (Docket No. 58 at 2, FDIC's Statement of Uncontested Facts) (Plaintiffs' response thereto, Docket No. 82-1 at 2).

## IV. LEGAL ANALYSIS

There is no dispute that Doral Bank and its successor FDIC, is a secured creditor and can file an in rem action to enforce its lien against Plaintiffs' real property after the entry of discharge. The dispute centers on whether the Local Court complaint was seeking in personam liability and whether the mortgage notification and account statements were a violation of the discharge.

**The Local Court Complaint**

Plaintiffs filed a complaint alleging that Defendant violated their Chapter 7 discharge order by filing a money-collection action against them in the Local Court. Plaintiffs adduced that the allegations made in the Local Court complaint are those of a standard and boilerplate recovery of monies and foreclosure action. Plaintiffs allege that the discharge was violated because the FDIC had notice of their discharge; the actions which constituted the violation were intentional, and it improperly coerced and harassed the Plaintiffs by filing a complaint demanding in personam liability. (Docket No. 1).

Plaintiffs specifically argue that Defendant did not attempt to distinguish this cause of action as an in rem action, other than eliminating the words "Recovery of Monies" from the caption. The Court notes that the caption of the complaint filed in the Local Court—"Foreclosure of Mortgage through Regular Procedure"—is not determinative to establish whether a violation of the discharge occurred. As it was established in Velez Arcay v. Banco Santander De P.R. (In re Velez Arcay), 499 B.R. 225 (Bankr. D.P.R. 2013), when

4

claims for damages result from a violation of an automatic stay, the title or caption of the motion do not determine its substance, it is the "body of the motion and the prayer of relief requested" that determine it. Rivera v. Calidad Auto Sales Corp. (In re Rivera), 2013 Bankr. LEXIS 5399 (Bankr. D.P.R. 2013).

Plaintiffs also allege that the body of the complaint filed by Defendant can be misleading because it did not specify that it was an in rem action. Upon a detailed examination of the complaint, FDIC's predecessor sought to recover from Plaintiffs' real property that is encumbered by its mortgage. The discharge order stated that a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the Plaintiffs' property after the bankruptcy. (Docket No. 116, Case No.08-01605). The complaint as written is not seeking to recover from Plaintiffs in their in personam capacity. As a matter of fact, one of the allegations of the complaint states that after the real property is sold, any remaining proceeds from the foreclosure sale should go to Plaintiffs. The prayer for relief contained at the end of the complaint did not request payment from Plaintiffs. In addition to the complaint, the Motion for Summary Judgment filed by the FDIC in the Local Court case sought to foreclose on the encumbered real property, and did not demand payment.

After viewing the caption, the body, and the prayer for relief in the complaint filed in Local Court, this Court holds that Defendant's action was directed to the real property and not a collection of monies against Plaintiffs, thereby not violating the discharge injunction.

**Mortgage Notification**

Turning to Plaintiffs' next argument, Plaintiffs allege that the FDIC demanded payment through a mortgage notification and account statements, resulting in a violation of the discharge injunction. FDIC disagrees stating that the notification and statements it sent fall under the exception provided by 11 U.S.C. § 524(j).

5

To fall under the discharge exception under section 524(j) of the Bankruptcy Code, FDIC must satisfy the following three prongs:

> (1) such creditor retains a security interest in real property that is the principal residence of the debtor; (2) such act is in the ordinary course of business between the creditor and the debtor; and (3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

11 U.S.C. § 524(j).

When analyzing whether the mortgage notification and account statements sent by the FDIC satisfy the three prongs of the discharge injunction, it is necessary to note that a discharge injunction does not prohibit every communication between a creditor and a debtor, only those intended "to collect, recover or offset any such debt as a personal liability of the debtor." Best v. Nationstar Mortg. LLC (In re Best), 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015) (citing In re Gill, 529 B.R. 31, 37 (Bankr. W.D.N.Y. 2015)); Navarro v. Banco Popular de P.R. (In re Navarro), 563 B.R. 127 (Bankr. D.P.R. 2017).

Plaintiffs allege that the mortgage notification, sent by Doral Bank on February 20, 2014, constitutes coercive behavior and that such action is not exempt under 11 U.S.C. § 524(j). (Docket No. 1, Exhibit 4).  Upon applying the three part test under the discharge exception to the facts at hand, the first prong is satisfied because there is no controversy as to the fact that FDIC held a security interest in Plaintiffs' real property, which in turn is their principal residence.

The content of notifications sent by a creditor to a debtor needs to be part of a court's inquiry as to whether a violation occurred, not just the title of the notification.  Navarro, 563 B.R. 127.  The mortgage notification is in fact a statement which shows the amount owed to make the loan current. It informs Plaintiffs that a foreclosure action was filed, thereby serving the purpose of notifying Plaintiffs of the action in Local Court. The evidence shows that the

6

February 20, 2014, notification was automatically generated and sent in the ordinary course of business. The second prong of section 524(j) is satisfied.

To meet the third prong, the notification should be sent in association with a valid security interest and should be in lieu of in rem relief to enforce the lien. Generally, account statements which are not "in lieu of pursuit in rem relief" sent by creditors to discharged debtors, constitute a violation of the discharge injunction. See In re Todt, 567 B.R. 667 (Bankr. D.N.H. 2017).

It is uncontested that Defendants have a valid security interest. Because the mortgage notification was sent on February 20, 2014, to merely notify Plaintiffs of the foreclosure, Defendant's actions are protected by 11 U.S.C. § 524(j).

**Account Statements**

As to the account statements that were sent on February 24, 2014, and on March 24, 2014, Plaintiffs allege that those statements fall outside the Section 524(j) protection as they are payment demands in their personal capacity. (Docket No. 1, Exhibits 5 and 6).

In applying section 524(j) criteria for excepting actions from violating the discharge injunction, the first prong is satisfied since there is no controversy that FDIC held a security interest in Plaintiffs' real property. However, the exception does not authorize seeking payment against the debtor, when the debt has been discharged. Although the debt has been discharged, the secured creditor may foreclose on the encumbered property. Todt, 567 B.R. 667. Once the creditor forecloses on the property, it may not send further account statements to a debtor in the ordinary course of business because it opted to pursue in rem relief. Because the foreclosure proceeding has already been filed in the Local Court, and Defendant had already notified Plaintiffs that a foreclosure action had been filed, Defendant's acts of sending the account statements dated February 24, 2014, and March 24, 2014, were no longer ordinary course-of-business acts that it could do "in lieu of pursuit of in rem relief," pursuant

7

to 11 U.S.C. § 524(j)(3). Consequently the second and third prongs are not met in order for the exception to apply.

Plaintiffs' also allege that sending the account statements was coercive and harassing and as such, violated the of the discharge injunction. "Coercion is assessed under an objective standard, and the issue of whether a creditor acted in an objectively coercive manner is determined on the specific facts of each case." Bates v. CitiMortgage, Inc. (In re Bates), 517 B.R. 395, 398 (Bankr. D.N.H. 2014) (citing Pratt v. GMAC (In re Pratt), 462 F.3d 14, 19 (1st Cir. 2006)). Although the mortgage notification dated February 20, 2014, did not constitute a violation of the discharge injunction, both account statements sent subsequently violated the discharge injunction by seeking payment after the home was in foreclosure proceedings. The account statements sent to Plaintiffs do not fall under the exceptions of section 524(j).

### V. DAMAGES AND ATTORNEY'S FEES

Finally addressing Plaintiffs' claims for damages, it is only necessary to analyze Plaintiffs' request for attorney's fees as they "concede that their claim for punitive damages is not supported in the applicable statutes or existing case law" thereby withdrawing their punitive damages claim. (Docket No. 62). Although Defendants contend that awarding attorneys' fees can be characterized as a penalty and should be prohibited by 12 U.S.C. § 1825(b)(3). At this point, this Court will not address whether or not attorneys' fees are punitive, as a recovery for attorneys' fees is a collateral issue which may be considered after a verdict has been secured. Poku v. FDIC, 2011 U.S. Dist. LEXIS 45679 (D. Md. 2011). Consequently, this Court will hold in abeyance FDIC's motion for partial summary judgment with respect to attorney's fees.

As a result of the Court's determination that the account statements violated the discharge injunction, a hearing is necessary to determine whether damages and attorney's

fees should be awarded.  Todt, 567 B.R. 667; In re Dogar-Marinesco, 2016 Bankr. LEXIS 4111 (Bankr. S.D.N.Y. 2016).

## VI. CONCLUSION

Reviewing the legal standard, the Court finds that there is no dispute of material facts in the instant case.  Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment are denied in part and granted in part.  It is denied as to the violation of the discharge injunction for filing an in rem complaint in the Local Court.  It is granted as to the request for sending the mortgage notification in their personal capacity through account statements.  Consequently, Defendant, FDIC, is liable as receiver for Doral Bank, for violating the discharge injunction by mailing account statements in Plaintiffs' personal capacity, not consistent with the safe harbor provisions of 11 U.S.C. § 524(j).  FDIC's motion for partial summary judgment with respect to attorney's fees is held in abeyance.  A separate order will be issued scheduling an evidentiary hearing on damages.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 5th day of January, 2018.

_____
MILDRED CABAN FLORES
U.S. Bankruptcy Judge

9